UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
F. JEFF DUNCAN, JR.,            )
                                )
        Plaintiff               )
                                )        No. 3:09-0989
v.                              )        Judge Echols/Brown
                                )        **Jury Demand**
MILLIMAN, INC., a               )
Washington Corporation,         )
                                )
        Defendant               )
```

**O R D E R**

Presently pending before the Magistrate Judge is the Plaintiff's motion to determine the validity of Defendant's claim of attorney privilege/work product and for an extension of time to respond to the pending motion for summary judgment (Docket Entry 19). The motion is **GRANTED** as to privilege/work product. It is <u>terminated as moot</u> as to an extension of time in view of the District Court's order (Docket Entry 27). As an initial matter, the Magistrate Judge would note that the parties spent some time arguing whether there had been compliance with Local Rule 37.01 to meet and confer. The Magistrate Judge would point out to the parties that regardless of Local Rule 37.01, the Plaintiff ignored the Magistrate Judge's order contained in Docket Entry 17, page 4, that "No motions concerning discovery are to be filed until after the parties have conferred in good faith and conducted a telephone conference with the Magistrate Judge about the matter." Unless the

Magistrate Judge has overlooked something, he does not recall a telephone conference with the parties about this matter.

Nevertheless, the matter has now been fully briefed and no useful purpose would be served in denying it on the grounds that a telephone conference did not occur. The Magistrate Judge trusts, however, that this error will not be repeated.

The Magistrate Judge would also note that Plaintiff's counsel spends a good bit of time in effect arguing the merits of his case. The briefing on both sides could have been shorter had the arguments been addressed specifically to the three pages involved. Contrary to the Defendant's position, the Plaintiff did not ask for an indefinite extension of the matter, he only requested a 14 day extension after the Court ruled on his motion concerning privilege. Likewise, it is clear from the Plaintiff's email to the Defendant's local counsel that prior to receiving notification of the claim of privilege, his client and his client's wife had reviewed the materials and had given him a summary. The Defendant's statement that Plaintiff's counsel had not reviewed the matter is not entirely accurate. Neither side helps their position with unnecessary exaggerations.

As to the three pages claimed to be privileged, MILL_0031, MILL_0032, and MILL_0053, the Magistrate Judge fails to see anything privileged about MILL_0053. This email from Jeff M. Higgins to Mark Fuchs simply states that they are forwarding to him documents which have already been sent to Mr. Duncan or provided to

2

him.  Mr. Fuchs's statement in his declaration (Docket Entry 22) that this email reflects his thought process as to what information may be relevant to Mr. Duncan's claim does not withstand examination.  What was sent to him was simply a list of documents that had been provided to Mr. Duncan.  There is no indication that Mr. Higgins, who sent the email, did anything except compile the documents sent to or provided to Mr. Duncan about this matter.  The Magistrate Judge is unable to find anywhere that these documents reflect Mr. Fuchs's thoughts or legal strategy as to what information may be relevant to Mr. Duncan's claim.  The Magistrate Judge is unable to see any work product or privilege in this email.

Turning to MILL_0032, again the Magistrate Judge does not see anything privileged about this page.  Ms. Ann Harris forwarded to Mr. Fuchs the November 19, 2008, memorandum sent to the Plaintiff.  This part is certainly not privileged in any way since it was sent to the Plaintiff.  It is somewhat difficult to put the memo from Angie Komin to Ann Harris, who is LP's Vice President of Human Resources and a SERP Administrative Committee member, dated December 18, 2008, into context.  It appears that a name was redacted from the second line which reads, "Since: _____ is newly-eligible to that plan. . . ."  The Magistrate Judge is not sure whether the name intended there was Mr. Duncan or someone else; regardless, there is no indication this email is privileged.

The time sequence of the two emails is a bit confusing.  There is an email from Ann Harris to Mark Fuchs on December 19,

3

2008, sent at 6:30 a.m.  This document is then referred to in Mr. Fuchs's email to Jeff Higgins, although it is dated 5:31 a.m.  The Magistrate Judge assumes this is because of time zone differences between offices.  The email from Ann Harris does not indicate that it was sent in response to any inquiry from Mr. Fuchs.

The Magistrate Judge agrees that the email dated December 19, 2008 (MILL_0031) from Mr. Fuchs to Mr. Higgins does relate to his mental impressions of the meaning and interpretation of the November 19, 2008, explanation of the SERP benefit.

Accordingly, the Magistrate Judge believes that the email dated December 19, 2008, is covered by the work product privilege.  On the other hand, the response to Mr. Fuchs's inquiry by Mr. Higgins is a statement by an employee of the Defendant in this case.  As the reply (Docket Entry 21) by the Defendant indicates, the Plaintiff in this matter can, and almost certainly will, seek to depose Mr. Higgins and ask questions about the facts surrounding Milliman's work for LP regarding the benefit statements prepared for Mr. Duncan.  It would appear at that time that this document would be available to the Plaintiff.  Thus, the Magistrate Judge believes that the only portion of the three pages in question that properly qualify for the attorney privilege/work product is the email from Mr. Fuchs to Jeff Higgins on December 19, 2008.

Having reached that conclusion, the remaining issue is whether there has been a waiver for the production of this document under Federal Rule of Evidence 502, or Federal Rules of Civil

4

Procedure 26(b)(5)(B) or whether LP and Milliman are potential adversaries. The Magistrate Judge in this case having reviewed the affidavit of Ms. Huck (Docket Entry 23) is not satisfied that the production was inadvertent or that sufficient efforts were made to prevent its disclosure. In this case it appears that Ms. Huck reviewed the various documents and emails released to the Plaintiff. In her affidavit she states that she had segregated emails that were "substantively duplicative emails" that she had flagged. She does not provide copies of these substantively duplicative emails nor any indication of the preparation of a privilege log which would have been needed to withhold documents. As noted above, it appears from an examination of MILL_0032 at least some redaction was made to this document, which indicates that it would have been examined by someone preparing it for copying and transmission.

If this was a situation where these were three pages out of hundreds of pages of documents, the Magistrate Judge would be more sympathetic to a claim of inadvertence. However, there is no indication from the Defendant as to how many pages were segregated apart from the 103 pages that were actually produced.

The Magistrate Judge understands that once the error was found, the Defendant took prompt action to retrieve the documents. Nevertheless, given what appears to be to the Magistrate Judge a relatively small number of documents and documents which were partially redacted, the Magistrate Judge is simply unable to find

5

that reasonable steps were taken to prevent the release of these documents. Email strings are relatively common and it does not take a great deal of skill to check whether there are duplicate email strings.

The Magistrate Judge has finally considered whether there is a waiver of the privilege because LP and Milliman are potential adversaries in this matter. From a consideration of everything available, the Magistrate Judge believes that there is a potential adversarial relationship between LP and Milliman and that it existed at the time of these emails. According to Mr. Fuchs's declaration (Docket Entry 22), he was aware at the time he sent the emails that there was a potential for litigation with Mr. Duncan. Given the nature of Mr. Duncan's complaint, it would certainly be reasonable for Mr. Fuchs as LP's attorney to anticipate that there could be an adversarial relationship between LP and Milliman. Thus, the Magistrate Judge believes that there is sufficient potential for an adversarial relationship that the attorney/client work product protection is forfeited. *See Columbia/HCA Healthcare Corp. Billing Practices Litig.*, 293 F.3d 289,306 (6th Cir. 2002) (citing the First Circuit's holding in *U.S. v. Mass. Inst. of Tech.*, 129 F.3d 687 (1st Cir. 1997) that the "[p]revailing rule [is] that disclosure to an adversary real or potential forfeits work product protection").

6

To summarize, the Magistrate Judge finds that the Plaintiff is entitled to the three pages in question for the reasons stated above.

It is so **ORDERED**.

/s/ Joe B. Brown

JOE B. BROWN
United States Magistrate Judge